UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 08-32488-WRS
                                                    Chapter 7
KENOSHA L. REYNOLDS,

    Debtor

## MEMORANDUM DECISION

This Chapter 7 case came before the Court for hearing on May 5, 2009, upon the Debtor's motion to vacate. (Doc. 29). The Debtor was present by counsel Laura E. Nolan and Martha Cassels, a creditor, was present by counsel Jason B. Dial.

## I.  FACTS

The Debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on November 18, 2008. At that time, there was a pending suit by Martha Cassels to eject the Debtor from her residence. On December 9, 2008, Cassels moved for relief from the automatic stay seeking to "reclaim possession of its rental property through the unlawful detainer action in state court." (Doc. 11, para. 9). The Debtor had vacated the premises by the time the motion was filed and did not oppose Cassels' efforts to reclaim possession of the property. By default, the Court granted relief from the automatic stay on January 7, 2009. (Doc. 16).

Cassels takes the position that relief from the automatic stay was granted, not only to proceeding with her ejectment action and take possession of the property, but also to collect unpaid rent, all of which had accrued prior to the date of the petition in bankruptcy. The Debtor seeks to vacate the January 7, 2009 Order to stop further efforts to collect back rent.

## II. LAW

While the Debtor's motion is cast in the form of one seeking to vacate the Court's January 7, 2009 Order granting relief from the automatic stay, the Court perceives this as one to interpret the scope of its order. It is the Court's view that, properly construed, the order granted relief from the automatic stay only to permit the ejectment action to proceed and not to permit collection of back rent. Properly construed, there is no need to disturb the January 7 Order.

There are three reasons why the position taken by Cassels is incorrect. First, the motion and order permitted her to proceed only to retake her property. Second, this Court's local rules preclude "in personam" relief. Third, Cassels efforts to collect a prepetition debt improperly circumvent the protections of 11 U.S.C. § 523 and Bankruptcy Rule 4007.

The motion filed by Cassels sought relief from the automatic stay only to retake possession. To be sure, there was a catchall phrase in the concluding prayer for relief in Cassels' motion, but that was not the premise under which the motion was filed. The Court's Order granted the motion to "permit enforcement of a lien against the property of the estate or of the debtor." Admittedly this standard language does not fit well here. Motions for relief from the automatic stay are filed in large numbers in this Court. In consumer bankruptcy cases such as this, the vast majority of these motions are to permit foreclosure of a mortgage or repossession of an automobile or other personal property. The point of this Court's form order is to make clear that the creditor has a green light to take its collateral or foreclose its mortgage, it is not free to collect a prepetition indebtedness from the Debtor. In the context of this action, it is clear enough that the order was granting <u>in rem</u> and not <u>in personam</u> relief.

In a case decided two years ago by this Court, a creditor who proceeded with garnishment process under similar circumstances was found to have willfully violated the

automatic stay and ordered to pay damages in the amount of $500 and attorney's fees in the amount of $12,791.45. Parker v. Pioneer Credit Company of Alabama, Inc., 2007 WL 1889958 (Bankr. M.D. Ala.)(Williams, J) aff'd, 2008 WL 4183436 (M.D. Ala). A creditor who overreaches on an unopposed stay relief motion risks paying damages and attorney's fees. See, 11 U.S.C. § 362(k).

In response to cases such as Parker, this Court amended its Local Rules. Local Bankruptcy Rule 4001-1(g) provides, in part, as follows:

> (g) Notwithstanding the language of any motion filed hereunder:
>
> * * *
>
> (4) unless otherwise ordered, relief granted under this rule shall not operate to grant in personam relief.

Again, the point of this local rule, as the language in the form order granting the motion by default, is to preclude Cassels from doing what she has attempted here.

In addition to the precise language of the creditor's motion and the Court's form order granting relief by default, is that Cassels is attempting to collect a prepetition debt in contravention to the automatic stay and the Debtor's discharge.[1] The Bankruptcy Code and related rules have well established procedures for creditors who seek a determination of nondischargeability. See, 11 U.S.C. § 523; Bankruptcy Rule 4007. To obtain a determination of nondischargeability, one must file a complaint and, if it is opposed, proceed to trial. Cassels'

---

[1] As of the date of this Memorandum Decision, the bar date of Bankruptcy Rule 4007(c) has passed, but discharge has not formally entered. As a timely complaint has not been filed it does not appear that there is any reason for the discharge not to have entered, other than bureaucratic delay and inertia. In other words, when the system gets around to it, discharge will enter.

position, that she can avoid all of these procedural safeguards, not to mention her burden of proof, by dropping an extra line in a motion for relief from the automatic stay is fatuous.

### III.  CONCLUSION

It is not necessary for the Court to vacate its January 7, 2009 Order granting relief from the automatic stay.  Cassels properly retook possession of her property.  Any effort to collect past due rent is a violation of the automatic stay.  Once discharge enters, the automatic stay terminates and is replaced by the discharge injunction.  Any future effort to collect the past due rent, post discharge, would be a violation of the discharge injunction.  The Court will, by way of a separate order, deny the Debtor's motion upon the terms and conditions set out in this Memorandum Decision.

 Done this 27th day of May, 2009.

/s/ William R. Sawyer  
United States Bankruptcy Judge

c: Laura C. Nolan, Attorney for Debtor  
 Jason B. Dial, Attorney for Martha Cassels  
 Susan S. DePaola, Trustee